IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL LEE JONES, SR.**,

    Plaintiff,

v.

**JEFF FREEMAN**,

    Defendant.

**CIVIL ACTION NO.: 1:17-CV-00168 (KEELEY)**

# REPORT AND RECOMMENDATION

  Currently pending before the Court is Plaintiff, Daniel Lee Jones, Jr.'s ("Plaintiff") *pro se* Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2]. Because Plaintiff seeks to proceed without prepaying fees, the Court has conducted a review pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. After said review, the undersigned **FINDS** that Plaintiff has failed to state a claim upon which relief can be granted. As a result, the undersigned **RECOMMENDS** that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied as moot.

  **A. Legal Standard**

  When filing a lawsuit in Federal Court, a plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; *see also* 28 U.S.C. § 1915(a)(1). Once a plaintiff files this affidavit, they file a request or Motion for Leave to Proceed *In Forma Pauperis*.

*See* Fed. R. Civ. P. 24. The Supreme Court of the United States has explained that federal *in forma pauperis* statutes are "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To safeguard this process from abuse, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

A complaint is frivolous if it is without arguable merit either in law or fact. *Neitzke*, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous, however. *See id.* at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." *Id.* at 327; *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

When reviewing *pro se* complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even with a liberal construction, however, a *pro se* complaint is still subject to summary dismissal. The Court cannot ignore a clear failure to allege facts which would

2

support a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Plaintiff's Claims

A review of the Plaintiff's Complaint in the instant matter does not reveal much by way of factual history and no specific federal claims are asserted. Given the averments that are made, however, it appears that Plaintiff is seeking redress for alleged violations of his civil rights, particularly through an action commonly termed 'malicious prosecution' and filed pursuant to 42 U.S.C. § 1983. Indeed, Plaintiff requests "relief from false alligations [sic]" and asserts that the "procutor [sic] knew he was in the wrong." Defendant is Jeff Freeman, Marion County WV Prosecuting Attorney. Appended to Plaintiff's Complaint is a copy of another Complaint Plaintiff filed on or about May 22, 2017, with the West Virginia Lawyer Disciplinary Board in which he claims that he was arrested for Grand Larceny and Intimidation of a Witness, but that the facts giving rise to his arrest constitute a civil matter and the prosecutor and a police officer by the name of Arnold Triplett "blew it all out of protion [sic]."

### C. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

A civil action filed pursuant to 42 U.S.C. § 1983 permits "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882. To state a § 1983 claim for relief, a plaintiff must allege: (1) that a right conferred by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250,

3

101 L.Ed.2d 40 (1988).  Here, Plaintiff's Complaint fails to allege the first element of a § 1983 claim.[1]  As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

      Assuming *arguendo* that Plaintiff's Complaint can be read as having alleged the two essential elements of a § 1983 claim, Plaintiff's Complaint nevertheless fails to state a claim upon which a specific claim for 'malicious prosecution' can be granted because there is no evidence or assertion that the underlying criminal action with which Plaintiff takes issue has terminated in his favor.  "Common law malicious prosecution is not itself redressable under § 1983 [because] § 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by…the United States Constitution and federal statutes that it describes."  *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (internal quotations and citations omitted).  What is commonly termed a 'malicious prosecution' claim pursuant to § 1983 is actually a "claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, that requirement that the prior proceeding terminate favorably to the plaintiff."  *Id.* at 262.  "A prima facie case of malicious prosecution must include: (1) the initiation or maintenance of a proceeding against the plaintiff by defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of

---

[1] Arguably, Plaintiff's Complaint also fails to allege the second element of a § 1983 claim. However, Plaintiff's identification of Mr. Freeman as a prosecutor coupled with the Court's obligation to construe Plaintiff's Complaint liberally enables the Court to conclude that Plaintiff has alleged the second element of a § 1983 claim.  Notwithstanding this success, Plaintiff's failure to allege the first element of a § 1983 claim renders Plaintiff's Complaint deficient.

4

probable cause to support that proceeding; and (4) the defendant's malice." *Id.* at 260 (internal citations omitted).

In the instant case, the state criminal action(s) which underlies Plaintiff's claims have not terminated.  Thus, Plaintiff's Complaint does not and cannot set forth a prima facie case for 'malicious prosecution' at this time.  Further, liberal construction of Plaintiff's Complaint does not allow maintenance of this action because, again, the State Court action(s) on which Plaintiff's claims are based have not terminated in his favor and no interpretation of the allegations made in Plaintiff's Complaint will remedy this fatal defect.[2]

### D. Recommendation

For the foregoing reasons, I **FIND** that Plaintiff has failed to state a claim upon which relief can be granted and dismissal is warranted pursuant to the prevailing Federal Rules of Civil Procedure, the Local Rules of Court, and the pertinent case law. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Daniel Lee Jones, Sr. may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United

---

[2] In so finding, the Court declines to address whether and to what extent Mr. Freeman would enjoy absolute or qualified immunity vis-à-vis Plaintiff's claims. *See Imbler v. Pachtman*, 424 U.S. 409 (1976) and *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).  Such a determination requires, among other things, a more complete factual record than is available here.  Should Plaintiff properly reassert a § 1983 claim for 'malicious prosecution', the issue of Mr. Freeman's immunity may well arise.

5

States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 23rd day of October, 2018.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE