**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DANIEL LEE JONES, SR.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:17CV168**
　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**JEFF FREEMAN,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]

On October 6, 2017, the pro se plaintiff, Daniel Lee Jones, Sr. ("Jones"), filed a claim pursuant to 42 U.S.C. § 1983 (Dkt. No. 1). That same day, Jones moved for leave to proceed in forma pauperis (Dkt. No. 2), and the Court issued Jones a Notice of General Guidelines for Appearing Pro Se in Federal Court (Dkt. No. 3). The Court referred the case to United States Magistrate Judge James P. Mazzone for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2 and 28 U.S.C. § 1915(e).

Magistrate Judge Mazzone's R&R recommended that the Court dismiss Jones's complaint for failure to state a claim upon which relief can be granted under § 1983 (Dkt. No. 12). The R&R also specifically warned Jones that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 6. Jones did not file any objections to the R&R.[1]

---

[1] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]**

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 12), **DENIES as MOOT** Jones's motion for leave to proceed in forma pauperis (Dkt. No. 2), and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to the pro se plaintiff, certified mail, return receipt requested, to his last known address.

Dated: July 30, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).